UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANDY CALARA and NANCY CALARA,

    Plaintiffs,

v.

                                          Civil Case No. 16-cv-13590
                                          Honorable Linda V. Parker

PGI OF SAUGATUCK, INC. d/b/a
PALAZZLO'S, a Michigan corporation,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 10] AND GRANTING, IN PART, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF No. 11]**

On October 7, 2016, Plaintiffs Mandy Calara and Nancy Calara (collectively "Plaintiffs") commenced this lawsuit arising out of an Arbitration award issued in favor of Defendant PGI of Saugatuck, Inc. ("PGI") and against Plaintiffs in the amount of $125,725.50. (ECF No. 1.) Presently before the Court are the parties' cross motions for summary judgment filed July 7, 2017. (ECF Nos. 18 & 20.) The motions have been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Defendant's motion for summary judgment and grants, in part, Plaintiffs' motion for summary judgment.

## I. Factual and Procedural Background

Plaintiff Mandy Calara is a member of Midwest Yogurt and Cup Supply, LLC ("Midwest Yogurt"). (ECF No. 2 at Pg ID 2; ECF No.11 at Pg ID 63.) PGI is a Michigan corporation and sells frozen yogurt products. (*Id.*) On January 16, 2015, Midwest Yogurt and PGI entered into a contract for the purchase and sale of PGI's yogurt products. (ECF No. 1 at Pg ID 2.) On that same day, Plaintiff Nancy Calara, who is not a member of Midwest Yogurt, executed a personal guaranty, which included an arbitration clause. (*Id.* at Pg ID 2, 12.) Plaintiff Mandy Calara was neither a signatory to the contract nor the personal guaranty.

At some point, PGI claimed Midwest Yogurt failed to pay for $134,778.80 worth of product and instituted an arbitration proceeding against Plaintiffs. (*Id.* at Pg ID 2.) A hearing was held on September 6, 2016 before Arbitrator Barbara Cook. PGI sought recovery for the nonpayment of its yogurt products through the enforcement of the personal guaranty against Plaintiff Nancy Calara and under a theory of promissory *estoppel* for Plaintiff Mandy Calara. (*Id.* at Pg ID 3.)

Although Arbitrator Barbara Cook presided over the hearing, Arbitrator JoAnne Barron issued the September 30, 2016 award, making the following finding:

1. Mandy and Nancy Calara are to pay PGI $118,825.50;
2. Mandy and Nancy Calara are to pay PGI $4,150 in attorney fees;
3. The administrative fees of the American Arbitration Association totaling $1,750 shall be borne by Mandy and Nancy Calara, and

>    the compensation of the arbitrator totaling $2,000.00 shall be borne by Mandy and Nancy Calara.
> 4. Therefore, Mandy and Nancy Calara shall reimburse PGI the sum of $2,750.00, representing that portion of said fees in excess of the apportioned costs previously incurred by PGI.

(ECF No. 1 at Pg ID 4, 14.) The total awarded amount is $125,725.50. (*Id.*) Plaintiffs allege the arbitrator exceeded her power in two ways. First, she issued an award against Plaintiff Mandy Calara, who, among other things, was neither a party to the contract nor the personal guaranty and should not have been subject to the arbitration proceedings. (*Id.* at Pg ID 5.) Second, she issued an award against Plaintiff Nancy Calara despite the language in the contract not binding Plaintiff Nancy Calara. (*Id.*) Alternatively, Plaintiffs request the Court to modify the arbitrator's award.

On July 7, 2017, Defendant filed a motion for summary judgment as to Defendant Nancy Calara, asserting it is an undisputed fact that Plaintiff Nancy Calara signed the personal guaranty, which made her personally liable for Midwest Yogurt's indebtedness. Also on July 7, 2017, Plaintiffs filed a motion for summary judgment asserting it is an undisputed fact that the arbitrator exceeded her scope of power when she (1) subjected Plaintiff Mandy Calara to the arbitration proceeding and (2) found Plaintiff Nancy Calara personally liable for Midwest Yogurt's debts.

3

## II. Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must

designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

**III. Applicable Law & Analysis**

The Federal Arbitration Act, 9 U.S.C. § 10, provides the limited means for vacating an arbitration order. 9 U.S.C. § 10 provides in relevant part:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> > (1) where the award was procured by corruption, fraud, or undue means;
> >
> > (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> >
> > (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> >
> > (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
> Additionally, a court may vacate an award if the conduct of the arbitrator constitutes "'manifest disregard' of applicable law." *NCR Corp. v. Sac-Co.*, 43

5

F.3d 1076, 1079 (6th Cir. 1995) (citing *Pontiac Trail Medical Clinic, P.C. v. Painewebber, Inc.*, No. 92-1972, 1993 U.S. Dist. LEXIS 20280, at *7 (6th Cir. July 29, 1993) (unpublished disposition) (quoting *Nat'l R.R. Passenger Corp. v. Chesapeake & Ohio Ry. Co.*, 551 F.2d 136, 141-42 (7th Cir. 1977))). "An arbitration decision must be set aside when the decision flies in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Dobson Indus. v. Iron Workers Local Union No. 25*, 237 F. App'x 39, 46 (6th Cir. June 5, 2007) (unpublished).

> [M]anifest disregard for the law "means more than error or misunderstanding with respect to the law. The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing principle but decides to ignore or pay no attention to it."
>
> Even if the arbitrator did manifestly disregard the law, a second step of the manifest disregard analysis requires that before an arbitrator's award can be vacated, the court must find that the award resulted in a "significant injustice."

*Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346 (5th Cir. 2004) (internal quotations and citations omitted). The Supreme Court has stated that "judicial review of an arbitrator's decision is limited, stating that 'the fact that a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision.'"

6

*Anheuser-Busch, Inc. v. Local Union 744, IBT*, 280 F.3d 1133, 1137 (7th Cir. 2002) (citing *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (quoting *Eastern Assoc. Coal Corp. v. United Mine Workers,* 531 U.S. 57, 62 (2000)) (internal quotations omitted)).

### A. Plaintiff Mandy Calara

It is an undisputed fact that the arbitrator exceeded her scope of power and acted with a manifest disregard of law when she subjected Plaintiff Mandy Calara to the arbitration proceedings. "A rudimentary principal of arbitration is that it is a creature of contract. Arbitration is 'a matter of consent, not coercion[,]' and the parties must agree to it. Arbitrators and courts must 'give effect to the contractual rights and expectations of the parties' when enforcing an agreement to arbitrate." *Town & Country Salida, Inc. v. Dealer Computer Servs.*, No. 11-15430, 2012 U.S. Dist. LEXIS 75463, at *14 (E.D. Mich. May 31, 2012) (internal citations omitted). "Some circuits have specifically held that arbitrators exceed their powers when they determine rights and obligations of individuals who are not parties to the arbitration proceedings." *NCR Corp.*, 43 F.3d at 1080; *see also Dobson Indus.*, 237 F. App'x at 47. "'[T]he question whether the parties have submitted a particular dispute to arbitration,' sometimes labeled substantive arbitrability, 'is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Local 18 Int'l Union of Operating Eng'rs v. Ohio Contrs.*

*Ass'n*, 644 F. App'x 388, 394 (6th Cir. 2016) (citing *AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649 (1986); *see also Orion Shipping & Trading Co. v. Eastern States Petroleum Corp. of Panama*, 312 F.2d 299, 301 (2d Cir.1963) ("[A] decision whether parties other than those formally signatories to an arbitration clause may have their rights and obligations determined by an arbitrator when that issue has not been submitted to him is not within the province of the arbitrator himself but only of the court."); *Town & Country Salida, Inc.*, 2012 U.S. Dist. LEXIS 75463, at *12; *Geo Vantage of Ohio, LLC v. Geovantage, Inc.*, No. 05-cv-1145, 2006 U.S. Dist. LEXIS 63496, at *18 (S.D. Ohio Sept. 6, 2006).

The arbitration provision expressly states that the "Guarantor" would be subject to arbitration in the event of a claim: "Guarantor hereby (a) agrees that Sellers may, at Sellers' sole option, require Guarantor to arbitrate any controversy or claim arising out of or relating to this Guaranty or any other issue with the American Arbitration Association . . . ." (ECF No. 11 at Pg ID 71.)  It is undisputed that the "Guarantor" is Plaintiff Nancy Calara.  There is no express mention in the personal guaranty of the arbitrator having authority to decide who is required to arbitrate.  Likewise, there is no language in the personal guaranty identifying Plaintiff Mandy Calara as either a party to the contract or a signatory.

PGI contends that Plaintiff Mandy Calara should have been a party to the arbitration proceedings under a theory of promissory *estoppel* because he orally

8

agreed to be personally liable for Midwest Yogurt's debts. Even if the facts are as Defendant alleges, consistent with the law of this Circuit, the arbitrator lacked authority to subject the rights and obligations of Plaintiff Mandy Calara to arbitration. *See Orion Shipping & Trading Co.*, 312 F.2d at 301. The proper course of action for Defendant would have been to submit the matter to this Court for a determination[1] of whether Plaintiff Mandy Calara would be required to submit to arbitration with the other parties. *See Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624, 627 (6th Cir. 2003) ("Before compelling an unwilling party to arbitrate, the *court* must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement."). Therefore, Plaintiffs' motion for summary judgment as to Plaintiff Mandy Calara is granted, in part.

### B. Plaintiff Nancy Calara

As to the arbitration award against Plaintiff Nancy Calara, it is undisputed that Plaintiff Nancy Calara signed the personal guaranty that subjected her to the financial liabilities of Midwest Yogurt. Recently the Sixth Circuit stated "we have consistently showed considerable reluctance to allow district courts to vacate

---

[1] "[N]onsignatories may be bound to an arbitration agreement. A signatory to an agreement containing an arbitration clause may compel a nonsignatory to arbitrate pursuant to an arbitration agreement under ordinary contract and agency principles." *Reilly v. Meffe*, 6 F. Supp. 3d 760, 777 (S.D. Ohio 2014). This was not a matter for the arbitrator to decide absent clear language in the personal guaranty giving the arbitrator authority to do so.

arbitration awards." *Teamsters Local Union No. 436 v. J.M. Smucker Co.*, 541 F. App'x 529, 534 (6th Cir. Sept. 5, 2013). "'[A] misinterpretation of the contract[ ]', . . . 'will not, in itself, vitiate the award' under the 'manifest disregard' standard." *Martin Marietta Materials, Inc. v. Bank of Okla.*, 304 F. App'x 360, 365 (6th Cir. 2008) (unpublished) (quoting *Federated Dep't Stores, Inc. v. J.V.B. Industries, Inc.*, 894 F.2d 862, 866 (6th Cir. 1990); *see also Minshew v. Fed. Ins. Co.*, 255 F. Supp. 2d 714, 717 (E.D. Mich. Mar. 31, 2003) ("As long as the arbitrators do not disregard the language of the contract in their interpretation of it, their decision is not manifest disregard of the law."); *Crye-Leike, Inc. v. Thomas*, 196 F. Supp. 2d 680, 688 (W.D. Tenn. Apr. 10, 2002). Even if the Court was to disagree as to the arbitrator's interpretation of the personal guaranty, the Court's review is limited to 9 U.S.C. § 10 and whether the arbitrator acted with a manifest disregard of the law.

The Court does not find the arbitrator exceeded the scope of her authority in making her finding. First, the arbitrator acted within the bounds of the personal guaranty, which permitted arbitration in the event a claim arose. It is undisputed that Plaintiff Nancy Calara executed the personal guaranty, which stated: "[t]he undersigned . . . hereby personally and unconditionally guarantees the payment by Applicant to Sellers of all amounts due and owing now, and from time to time . . . ." (ECF No. 11 at Pg ID 71.) It is also undisputed that Plaintiff Nancy Calara signed the personal guaranty as the "Applicant" and the "Guarantor."

10

Furthermore, there is neither evidence nor insufficient evidence to support a finding that the award was procured by corruption or fraud, or the arbitrator was impartial, corrupt, or guilty of the misconduct described in § 10.  The Court, likewise, does not find that the arbitrator misinterpreted the plain language of the contract or made a manifest disregard of law when she found Plaintiff Nancy Calara liable pursuant to the personal guaranty.  Therefore, Defendant's motion for summary judgment is granted.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment (ECF No. 10) is **GRANTED**, and the arbitration award issued on September 30, 2016 against Plaintiff Nancy Calara in the amount is $125,725.50 is **CONFIRMED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion for summary judgment (ECF No. 11) is **GRANTED**, **IN PART**, as to Plaintiff Mandy Calara, and the arbitration award as to Plaintiff Mandy Calara is **VACATED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 15, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 15, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager